UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


TYRONE L. SMITH,

                    Plaintiff,

vs.

                                        Case No. 3:15-cv-523-J-39JBT
SERGEANT KOREY, et al.,

                    Defendants.

_____

## ORDER

### I.  Status

Plaintiff is an inmate confined in the Florida penal system. He is proceeding pro se on an Amended Civil Rights Complaint (Amended Complaint) (Doc. 9) pursuant to 42 U.S.C. § 1983.  He filed his original Complaint (Doc. 1) on April 16, 2015, pursuant to the mailbox rule.  This cause is before the Court on Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies (Motion) (Doc. 36).[1]  See Order (Doc. 14).  Plaintiff responded. See Plaintiff's Response to the Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies (Response) (Doc. 49).

### II.  Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556

_____

[1] In this opinion, the Court references the document and page numbers designated by the electronic filing system.

U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Id. (citing Twombly, 550 U.S. at 556). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

Defendants contend that Plaintiff failed to exhaust his administrative remedies prior to filing suit, and they ask that his Amended Complaint be dismissed.  Motion at 2.  On November 25, 2015, pursuant to the mailbox rule, Plaintiff filed a Motion for Rule 56 Summary Judgment (Doc. 39), and Defendants submitted their Response to Plaintiff's Motion for Summary Judgment (Doc. 47) on December 22, 2015.  Because the Motion to Dismiss for Failure to Exhaust Administrative Remedies, a matter in abatement, is due to be granted, Plaintiff's Motion for Rule 56 Summary Judgment will be denied without prejudice as moot.

### III.  Exhaustion of Administrative Remedies

Defendants move to dismiss the Amended Complaint pursuant to 42 U.S.C. § 1997e(a).  Motion at 5-10.  Defendants assert that Plaintiff failed to raise the issues alleged in this lawsuit in any

grievances and did not avail himself of the grievance process with regard to his claims.  See Defendants' Exhibits A and B (Docs. 36-1 and 36-2).

Of import, exhaustion of available administrative remedies is required before a 42 U.S.C. § 1983 action with respect to prison conditions by a prisoner may be initiated in this Court.  The Eleventh Circuit has set forth guidelines for reviewing a prisoner's civil rights claims:

> Before a prisoner may bring a prison-conditions suit under § 1983, the Prison Litigation Reform Act of 1995 requires that he exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); see also Booth v. Churner, 532 U.S. 731, 736, 121 S.Ct. 1819, 1822, 149 L.Ed.2d 958 (2001). The purpose of the PLRA's exhaustion requirement is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387, 165 L.Ed.2d 368 (2006) (quotation omitted). To properly exhaust, a prisoner must "[c]ompl[y] with prison grievance procedures." Jones v. Bock, 549 U.S. 199, 218, 127 S.Ct. 910, 922–23, 166 L.Ed.2d 798 (2007).

Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1208 (11th Cir. 2015).

In this vein, there is a two-step process for resolving motions to dismiss relying on assertions of failure to exhaust administrative remedies:

> After a prisoner has exhausted the grievance procedures, he may file suit under § 1983.  In response to a prisoner suit,

> defendants may bring a motion to dismiss and raise as a defense the prisoner's failure to exhaust these administrative remedies. <u>See Turner</u>,[2] 541 F.3d at 1081. In <u>Turner v. Burnside</u> we established a two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust. 541 F.3d at 1082. First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. <u>Id</u>. Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust. <u>Id</u>. at 1082–83; <u>see also id</u>. at 1082 (explaining that defendants bear the burden of showing a failure to exhaust).

<u>Whatley</u>, 802 F.3d at 1209.

Defendants move to dismiss based on Plaintiff's failure to exhaust his administrative remedies.  The Court recognizes that exhaustion of available administrative remedies is "a precondition to an adjudication on the merits" and is mandatory under the Prison Litigation Reform Act.  <u>Bryant v. Rich</u>, 530 F.3d 1368, 1374 (11th Cir.), <u>cert</u>. <u>denied</u>, 555 U.S. 1074 (2008); <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007); <u>Woodford v. Ngo</u>, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (citation omitted).  The Supreme Court has stated that "failure to exhaust is an affirmative defense under the PLRA[.]"  <u>Jones v. Bock</u>, 549 U.S. at 216.  However, "the PLRA

---

[2] <u>Turner v. Burnside</u>, 541 F.3d 1077 (11th Cir. 2008).

exhaustion requirement is not jurisdictional[.]"  <u>Woodford v. Ngo</u>,
548 U.S. at 101.  <u>See</u> <u>Turner v. Burnside</u>, 541 F.3d 1077, 1082 (11th
Cir. 2008) (recognizing that the defense "is not a jurisdictional
matter").

Indeed, if a prisoner does not completely exhaust his remedies
prior to initiating a suit in federal court, the civil rights
complaint must be dismissed.   This is true even if the inmate
thereafter exhausts his administrative remedies after initiating
his action in federal court.  <u>See</u> <u>Oriakhi v. United States</u>, 165 F.
App'x 991, 993 (3d Cir. 2006) (per curiam); <u>Johnson v. Jones</u>, 340
F.3d 624, 627 (8th Cir. 2003); <u>McKinney v. Carey</u>, 311 F.3d 1198,
1200-01 (9th Cir. 2002) (per curiam); <u>Medina-Claudio v. Rodiguez-
Mateo</u>, 292 F.3d 31, 36 (1st Cir. 2002); <u>Jackson v. Dist. of
Columbia</u>, 254 F.3d 262, 269 (D.C. Cir. 2001); <u>Freeman v. Francis</u>,
196 F.3d 641, 645 (6th Cir. 1999); <u>Perez v. Wisconsin Dep't of
Corr.</u>, 182 F.3d 532, 538 (7th Cir. 1999).

Not only is there an exhaustion requirement, "the PLRA
exhaustion requirement requires proper exhaustion."  <u>Woodford</u>, 548
U.S at 93.

> Because exhaustion requirements are designed
> to deal with parties who do not want to
> exhaust, administrative law creates an
> incentive for these parties to do what they
> would otherwise prefer not to do, namely, to
> give the agency a fair and full opportunity to
> adjudicate their claims. **Administrative law
> does this by requiring proper exhaustion of
> administrative remedies, which "means using
> all steps that the agency holds out, and doing**

> **so properly (so that the agency addresses the issues on the merits)**."   Pozo,[3] 286 F.3d, at 1024. . . .

Id. at 90 (emphasis added).   In fact, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."   Id.

In the first step of the analysis, the Court recognizes that Plaintiff is not required to plead exhaustion; therefore, the Amended Complaint was not dismissed on its face, but, the Court notes that Plaintiff, in his verified Amended Complaint, states that he did not file an informal grievance, noting that he was transferred from camp before he could initiate the grievance process, and then he was without writing utensils at the new camp.[4] Amended Complaint at 3.   He also states that he did not submit a formal grievance as he never initiated the formal grievance process.   Id.   Finally, he writes that he did not submit an appeal to the Office of the Secretary, again claiming that the grievance process was never initiated due to his transfer and lack of writing materials.   Id.

---

[3] Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir.), cert. denied, 537 U.S. 949 (2002).

[4] See Stallworth v. Tyson, 578 F. App'x 948, 950 (11th Cir. 2014) (per curiam) (citations omitted) ("The factual assertions that [Plaintiff] made in his amended complaint should have been given the same weight as an affidavit, because [Plaintiff] verified his complaint with an unsworn written declaration, made under penalty of perjury, and his complaint meets Rule 56's requirements for affidavits and sworn declarations.").

Plaintiff contends that his failure to exhaust his administrative remedies should be excused because he was transferred from one institution to another, and he claims that he did not have writing utensils at his new institution. There are disputed issues of fact as to whether administrative remedies were available to Plaintiff and whether Plaintiff exhausted all available administrative remedies. Thus, the Court must now make findings on the disputed issues of fact to decide whether administrative remedies were available to Plaintiff, and if so, whether he properly exhausted his administrative remedies.[5]

The Florida Department of Corrections provides an internal grievance procedure. See Chapter 33-103, Florida Administrative Code (F.A.C.). Thus, to determine whether Plaintiff exhausted his administrative remedies, this Court must examine the relevant documents to determine whether the incidents in question were grieved. If these incidents were grieved and the documents complied with the deadlines and other procedural rules as set forth in the F.A.C., the issues raised therein are exhausted.

---

[5] Since the parties have not requested an evidentiary hearing on this issue and they have submitted evidence for the Court's consideration, the Court proceeds to resolve the material questions of fact based on the documents before the Court. Bryant, 530 F.3d 1377 n.16 (recognizing that a district court may resolve material questions of fact on the submitted papers when addressing the Prison Litigation Reform Act's exhaustion of remedies requirement).

Generally, the Florida Department of Corrections (hereinafter DOC) provides a three-step grievance procedure. First, an inmate must submit an informal grievance.  See Chapter 33-103.005(1), F.A.C.  If the issue is not resolved, the inmate is directed to file a formal grievance at the institutional level.  See Chapter 33-103.006, F.A.C.; Chapter 33-103.011(4), F.A.C.  If the matter is not resolved at the institutional level, the inmate is directed to file an appeal to the Office of the Secretary of the DOC.  See Chapter 33-103.007, F.A.C.; Chapter 33-103.011, F.A.C.

An informal grievance must be received within twenty days of when the incident or action occurred.  Chapter 33-103.011(1)(a), F.A.C.  A formal grievance must be received no later than fifteen calendar days from the date "on which the informal grievance was responded to" or a different period for select types of grievances. Chapter 33-103.011(1)(b), F.A.C.  An appeal to the Office of the Secretary must be received no later than fifteen calendar days from the date of the response to the formal grievance is returned to the inmate.  Chapter 33-103.011(1)(c), F.A.C.

In his response to Defendants' Motion, Plaintiff contends that the Defendants are attempting to avoid or evade Plaintiff's demand for recovery of damages for his established injuries. Response at 4.  Plaintiff argues that his claims are meritorious, he has established injury, and the merits of his claims should be reached by the Court.  Id. at 2-4.

Defendants, in their Motion, first address the question of the availability of writing utensils and available grievance materials at Plaintiff's new institution, Lake Correctional Institution (LCI). Although Plaintiff claims he had no access to writing materials at LCI, the exhibits show otherwise. Defendants' Exhibit 2-A at 8-9 (Doc. 36-1) is a copy of Plaintiff's grievance Request to Lieutenant Akron dated August 8, 2013. It was submitted by Plaintiff sixteen days after the July 23, 2013 incident at Union Correctional Institution (UCI). Under the applicable Florida Administrative Code regulations, an informal grievance concerning an event must be received within twenty days of the incident in question. Chapter 33-103.011(1)(a), F.A.C.

Therefore, the Court finds that Plaintiff had access to writing utensils and grievance materials by August 8, 2013, well within the twenty-day time period to grieve the incident at UCI. Although Plaintiff's grievance does not actually grieve the matters addressed in his Amended Complaint, it does mention in passing that Plaintiff recently arrived at LCI after his chin was opened by officers at UCI. The content of the grievance, however, concerns Plaintiff's complaints about the conditions of his confinement at LCI, not UCI. Even if the grievance did actually constitute a grievance concerning the July 23, 2013 incident at UCI, the grievance was returned without action as being in non-compliance with the grievance procedure for Plaintiff's use of multiple copies

of inmate request forms rather than attachments as continuation sheets. Defendants' Exhibit 2-A at 9.  The regulations provide for the return of a grievance without a response if "[t]he inmate has used multiple copies of grievance forms rather than attachments as continuation sheets."  Chapter 33-103.014(1)(l).  Therefore, Plaintiff's grievance was deemed not properly filed and returned without action.

Plaintiff skipped the formal grievance step and filed an appeal with the Office of the Secretary. Defendants' Exhibit 2-A at 7.  In his appeal, Plaintiff makes no mention of any events occurring at UCI.  Id.  The Secretary found the appeal in non-compliance with the grievance procedure because Plaintiff's grievance at the institutional level was in non-compliance with the requirements of the rules.  Id. at 6.  The appeal was returned without action and found to be overly broad, general, and vague. Id.

Given these facts, the August 8, 2013 informal grievance and the August 29, 2013 grievance appeal to the Secretary did not exhaust Plaintiff's claims because these documents do not include the claims raised in the Amended Complaint regarding the alleged excessive use of force at UCI.  Additionally, even assuming the August 8, 2013 grievance constituted an attempt to exhaust administrative remedies with regard to the July 23, 2013 incident at UCI, Plaintiff failed to comply with critical procedural rules

to exhaust his available administrative remedies.  As such, there was not proper exhaustion.

Plaintiff has not demonstrated that he has exhausted his administrative remedies with respect to his claims.  Indeed, upon review, Defendants' supporting documents demonstrate otherwise. The question remains whether Plaintiff has exhausted his administrative remedies in other ways.  Defendants assert that Plaintiff never properly grieved his claims and urge this Court to find that the institutional records demonstrate that Plaintiff never properly and completely grieved his claims by complying with the critical procedural rules.

Defendants note that Plaintiff filed other appeals between July 23, 2013 and November 4, 2013; however, none of them concern the issues raised in the Amended Complaint.  See Defendants' Exhibit A, the Declaration of Ashley Stokes and supporting attachments (Doc. 36-1).  Also of record, Plaintiff filed informal and formal grievances in the months of August and September, 2013, but again, they did not concern the issues raised in the Amended Complaint.  See Defendants' Exhibit B, Declaration of Ashley Davis and supporting attachments (Doc. 36-2).

An inmate plaintiff is required to exhaust available administrative remedies.  42 U.S.C. § 1997e(a).  Therefore, the Court looks to the administrative grievance procedure available to the inmates confined in the Florida penal system:

11

> In Florida, the grievance process consists of a three-step procedure. An inmate must first file an "informal grievance ... to the staff member who is responsible in the particular area of the problem." Fla. Admin. Code Ann. § 33-103.005(1). The second step requires the inmate file a formal grievance with the warden. Id. § 33-103.006(1)(a). If the inmate is unsuccessful at this point, he may submit an appeal to the Secretary of the DOC. Id. § 33-103.007.

Kozuh v. Nichols, 185 F. App'x 874, 877 (11th Cir. 2006) (per curiam), cert. denied, 549 U.S. 1222 (2007).

Of initial significance, if Plaintiff filed a grievance and attempted to exhaust his administrative remedies, he would have needed to submit an initial grievance with the appropriate staff, a formal grievance with the warden, and then an appeal to the Secretary to properly grieve the matter in compliance with the procedural requirements of the administrative grievance process. See Defendants' Exhibit A, Declaration of Ashley Stokes at 2.

Plaintiff has not provided the Court with copies of any grievances or grievance responses or other information demonstrating exhaustion of his administrative remedies. In stark contrast, the Defendants provided Declarations and record evidence that Plaintiff did not properly exhaust his administrative remedies with regard to his claims concerning the alleged excessive use of force by officers at UCI.

Based on all reasonable inferences, Plaintiff had access to the grievance process and used the process. Upon review, the Court

finds that the administrative process was available to Plaintiff. Plaintiff's grievance and grievance appeal were rejected for non-compliance with the administrative rules.  Also, the grievance and grievance appeal concerned the conditions of confinement at LCI, not the July 2013 incident at UCI.  Plaintiff has not shown that he properly filed a grievance concerning the events that occurred at UCI and fully exhausted his administrative remedies in compliance with the procedural rules.

In light of the above, Plaintiff failed to exhaust his administrative remedies before filing a lawsuit to seek judicial redress.  Therefore, the Court concludes that Defendants' Motion to Dismiss should be granted for Plaintiff's failure to exhaust his administrative remedies.[6]

In sum, the case should be dismissed without prejudice so that Plaintiff may exhaust his available administrative remedies prior to initiating a new action in this Court.  Simply put, exhaustion of available administrative remedies is required before a 42 U.S.C. § 1983 action with respect to prison conditions by a prisoner may

---

[6] Although the Defendants ask that the Court consider dismissing Plaintiff's Amended Complaint for abuse of the judicial process, Motion at 2 n.3, the Court will refrain from doing so in light of the fact that this action is due to be dismissed for failure to exhaust administrative remedies.  Plaintiff is warned however, that he must submit truthful statements in all pleadings and materials filed with this Court or he may be subject to sanctions, including dismissal of a case for abuse of the judicial process.

be initiated in this Court, and Plaintiff failed to avail himself of this process.

Therefore, it is now

**ORDERED:**

1.     Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies (Doc. 36) is **GRANTED** with respect to the request to dismiss the action pursuant to 42 U.S.C. § 1997e(a).

2.     Plaintiff's Motion for Rule 56 Summary Judgment (Doc. 39) is **DENIED without prejudice as moot**.

3.     **Defendants Sgt. Korey and Sgt. Barton** are **DISMISSED without prejudice** from this action.

4.     This case is **DISMISSED without prejudice** so that Plaintiff may exhaust his available administrative remedies prior to initiating a new action in this Court.

5.     The **Clerk** shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of May, 2016.

_____
BRIAN J. DAVIS
United States District Judge

sa 5/3
c:
Tyrone L. Smith
Counsel of Record